THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:20CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GREGORY RALSTON, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on a Motion to Suppress filed by Defendant Gregory Ralston. Doc. 21. The Government timely opposed the motion. Doc. 26. Ralston did not reply in support of his motion. Doc. 23. Because Ralston has not disputed the facts underlying his traffic stop and subsequent seizure, the Court finds that an evidentiary hearing is unnecessary. Upon review of the relevant filings and applicable law, the Court DENIES the pending motion.

On the morning of May 14, 2020, Lorain Police Officer Tomlin responded to report of a drug overdose. Upon arrival, Tomlin witnessed paramedics administering an "inordinate" amount of Narcan to revive Danny Villegas. This led Tomlin to believe that Villegas had overdosed on some form of fentanyl. Lorain Detective Craig Payne also arrived on scene after Villegas had been transported by ambulance. Upon arriving, Payne spoke to Nicole Croskey who was identified as Villegas' girlfriend. Croskey provided

Villegas' cell phone and its password to Payne. Payne reviewed the contents of the cell phone and found that Villegas had text messaged a person named Roy to arrange a drug deal. Croskey informed Payne that Roy was a person named Roy Ralston. She described where Roy lived, Marshall Apartments, what Roy drove, an older gray Ford F150, and showed Payne the Facebook profile page for Roy. Payne then used local databases to corroborate Croskey's information and learned that Roy's legal name was Gregory Ralston.

Payne then continued to search Villegas' phone and found numerous prior messages that appeared to be setting up other drug purchases. At that point in time, Payne used Villegas' phone to set up another drug purchase from Ralston:

> Villegas' Phone: "Wats up bruh. You up? I need the same thing"
> Ralston's Phone: "Arby's"
> Villegas' Phone: "Yea. On cooper. How long"
> Ralston's Phone: "I'm theee now" [sic]
> Villegas' Phone: "Cool. Give me 10 at the most"
> Ralston's Phone: "OK"

Payne then traveled to the Arby's referenced above to set up surveillance. Upon arriving, Payne observed the gray F150 in the drive thru line and confirmed that Gregory Ralston was in the passenger's seat. Payne then informed other officers to arrest Ralston. Two other Lorain detectives conducted a stop of the F150 in the line, removed Ralston from the truck, and arrested him.

Ralston's person was searched incident to his arrest. Detectives found a clear plastic sandwich baggie in his pocket with approximately 5 grams of a brown powdery substance. The substance was field tested and returned a positive result for fentanyl. Based upon the seizure of the drugs from Ralston, officers searched the F150. They

located a red iPhone. Payne used the number for Ralston from Villegas' phone at that time and witnessed the iPhone ring.

Ralston was then transported to the Lorain Police Department. After Ralston was read his *Miranda* rights, he agreed to speak with detectives. During that interview, he admitted to possession of heroin and further admitted that he had arranged to sell drugs to Villegas. Subsequently, officers received a search warrant to search the iPhone and another phone recovered from the F150. Based upon the above, Ralston seeks to suppress all of the evidence against him.

Ralston first contends that officers lacked reasonable suspicion and probable cause to effectuate the traffic stop. The Court disagrees.

"[S]topping an automobile and detaining its occupants constitute a 'seizure' within the meaning of th[e] [Fourth] Amendment[ ], even though the purpose of the stop is limited and the resulting detention quite brief." *Delaware v. Prouse*, 440 U.S. 648, 653, (1979). An automobile stop is reasonable where the police have probable cause to believe that a violation of the law has occurred. *See id.* "[P]robable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)).

The text exchange between Payne, utilizing Villegas' phone, and Ralston provided ample probable cause to stop the F150 and arrest Payne for drug trafficking. This text exchange was further bolstered by Croskey's detailed information involving Ralston's identity, vehicle, and address. Accordingly, there is no basis to contend that officers lacked probable cause to stop the F150 to arrest Ralston.

3

Ralston next challenges the search of his vehicle that revealed the iPhone. While Ralston's argument contends that the phone was located in a close compartment in the vehicle, accepting those facts does not alter the conclusion herein. A search incident to arrest is an exception to the well settled law that warrantless searches are per se unreasonable under the Fourth Amendment. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). In *Gant*, the Supreme Court clarified the two situations when a vehicle may be searched without a warrant incident to an arrest. First, police may search, without a warrant, those portions of a vehicle immediately accessible by a person following his arrest "from which he might be able to gain possession of a weapon or destructible evidence." *Id.* at 335. Second, and relevant here, "circumstances unique to the automobile context justify a search incident to arrest when it is reasonable to believe that evidence of the offense of arrest might be found in the vehicle." *Id*.

Here, officers had communicated to arrange a drug deal with Ralston through the use of a cell phone. Upon his arrest, Ralston did not have a cell phone on his person. Moreover, the prior text messages indicated that Ralston was present at the Arby's at the time the drug deal. Accordingly, it was reasonable for officers to believe that evidence of the offense – the cell phone – would be found in the vehicle. As such, Ralston has no valid argument that his rights were violated when the vehicle was searched.

In a conclusory fashion, Ralston contends that any statement he gave was taken in violation of his *Miranda* rights. However, Ralston signed a waiver of his *Miranda* rights and has made no allegations that his waiver was not knowing and voluntary. Accordingly, this argument also fails.

5

Based upon the above, Ralston has identified no error in his arrest, the search of the vehicle, or his subsequent questioning by officer. Ralston's motion to suppress, therefore, is DENIED.

IT IS SO ORDERED.


January 12, 2022                          _/s/ Judge John R. Adams_
                                                        JUDGE JOHN R. ADAMS
                                                        UNITED STATES DISTRICT COURT