IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY RALSTON, | ) | |
| | ) | GOVERNMENT'S PROPOSED |
| Defendant. | ) | JURY INSTRUCTIONS |

The United States of America, by and through counsel, Michelle M. Baeppler, First

Assistant United States Attorney, Robert J. Kolansky and Payum Doroodian, Assistant United

States Attorneys, and the Defendant, Gregory Ralston, by and through counsel, Eddie Sipplen,

respectfully requests that the Court charge the jury with the following instructions. The parties

agree on the majority of the instructions outlined herein. However, at the end, the parties have

identified one instruction which has not been agreed upon. Therefore, the parties request that the

Court review this disputed instruction and rule accordingly.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:    s/ Robert J. Kolansky
        Robert J. Kolansky (PA: 316899)
        Payum Doroodian (DC: 1035376)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3870/3739
        (216) 522-7499 (facsimile)
        Robert.Kolanksy@usdoj.gov
        Payum.Doroodian@usdoj.gov

| | | |
|---|---|---|
| 1. | INTRODUCTION | 1 |
| 2. | JURORS' DUTIES | 2 |
| 3. | PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT | 3 |
| 4. | EVIDENCE DEFINED | 5 |
| 5. | CONSIDERATION OF EVIDENCE | 6 |
| 6. | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 7 |
| 7. | CREDIBILITY OF WITNESSES | 8 |
| 8. | NUMBER OF WITNESSES | 10 |
| 9. | LAWYERS' OBJECTIONS | 11 |
| 10. | DEFINING THE CRIMES AND RELATED MATTERS – INTRODUCTION | 12 |
| 11. | SEPARATE CONSIDERATION – SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES | 13 |
| 12. | DEFINITION OF CRIMES CHARGED IN COUNT 2: POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES | 14 |
| 13. | ON OR ABOUT | 16 |
| 14. | INFERRING REQUIRED MENTAL STATE | 17 |
| 15. | ACTUAL AND CONSTRUCTIVE POSSESSION | 18 |
| 16. | USE OF THE WORD "AND" IN THE INDICTMENT | 19 |
| 17. | CONTROLLED SUBSTANCES | 20 |
| 18. | SPECIAL EVIDENTIARY MATTERS – INTRODUCTION | 21 |
| 19. | DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE | 22 |
| 20. | OPINION TESTIMONY | 23 |
| 21. | WITNESSES TESTIFYING TO BOTH FACTS AND OPINIONS | 24 |
| 22. | IMPEACHMENT OF A WITNESS OTHER THAN DEFENDANT BY PRIOR CONVICTION | 25 |

INSTRUCTION
REQUEST NO.                                                                                                    PAGE

23.     OTHER ACTS OF DEFENDANT ......................................................................26

24.     STATEMENT BY DEFENDANT ......................................................................27

25.     DELIBERATION AND VERDICT – INTRODUCTION ................................28

26.     EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE
        COMMUNICATIONS .......................................................................................29

27.     UNANIMOUS VERDICT...................................................................................31

28.     DUTY TO DELIBERATE ..................................................................................32

29.     PUNISHMENT....................................................................................................33

30.     VERDICT FORMS..............................................................................................34

31.     VERDICTS LIMITED TO CHARGES AGAINST THE DEFENDANT .......35

32.     COURT HAS NO OPINION..............................................................................36

33.     JUROR NOTES ..................................................................................................37

34.     DEFINITION OF CRIME CHARGED IN COUNT 1: DISTRIBUTION OF
        CONTROLLED SUBSTANCES .......................................................................38

1. <u>Introduction</u>

   **A.        <u>Charge</u>:**

   (1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

   (2) I will start by explaining your duties and the general rules that apply in every criminal case.

   (3) Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

   [(4) Then I will explain the defendant's positions.]

   (5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

   (6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

   (7) Please listen very carefully to everything I say.

   **B.        <u>Authority</u>:**

   Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.01.

2. Jurors' Duties

**A.** **Charge:**

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

[(3) The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.]

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.02.

3.  <u>Presumption of Innocence, Burden of Proof, Reasonable Doubt</u>

**A.**     **<u>Charge</u>:**

(1) As you know, the defendant has pleaded not guilty to the crimes charged in the superseding indictment. The superseding indictment is not any evidence at all of guilt. It is just the formal way that the government tells a defendant what crimes he is accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that his is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt,

say so by returning guilty verdicts. If you are not convinced, say so by returning not guilty verdicts.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.03.

4. <u>Evidence Defined</u>

**A.**     **<u>Charge</u>:**

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.04.

5.  Consideration of Evidence

    **A.**       **<u>Charge</u>:**

    (1) You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

    (2) In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

    (3) The existence of an inference does not change or shift the burden of proof from the government to the defendant.

    **B.**       **<u>Authority</u>:**

    Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.05.

6. <u>Direct and Circumstantial Evidence</u>

**A.** **<u>Charge</u>:**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.06.

7. <u>Credibility of Witnesses</u>

A. **<u>Charge</u>:**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.07.

8. <u>Number of Witnesses</u>

**A.** **<u>Charge</u>:**

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.08.

9. Lawyers' Objections

**A.** **Charge**:

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**B.** **Authority**:

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 1.09.

10. Defining the Crimes and Related Matters – Introduction

**A.** **Charge:**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the superseding indictment (and the lesser charges that I will explain to you). Your job is limited to deciding whether the government has proved the crimes charged (or one of those lesser charges).

(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.01.

11. Separate Consideration – Single Defendant Charged with Multiple Crimes

**A.** **Charge**:

(1) The defendant has been charged with several crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

**B.** **Authority**:

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.01A.

12. Definition of Crimes Charged in Count 2: Possession with Intent to Distribute Controlled Substances

**A.** **Charge:**

(1) Count 2 of the indictment charge the defendant, GREGORY RALSTON, with possession with intent to distribute fentanyl Specifically, the indictment charges:

> On or about May 14, 2020, in the Northern District of Ohio, Eastern Division, Defendant GREGORY RALSTON knowingly possessed with intent to distribute approximately 4.73 grams of a mixture and substance containing a detectable amount of fentanyl a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(c).

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A) First, the defendant knowingly and intentionally possessed a mixture of fentanyl; and

(B) Second, the defendant intended to distribute a mixture of fentanyl as charged in this count.

(4) Now I will give you more detailed instructions on some of these terms.

(A) To prove that the defendant "knowingly" possessed a mixture of fentanyl, the defendant did not have to know that the substance was fentanyl It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he possessed. It is enough that the defendant knew that he possessed some quantity of fentanyl.

(B) The phrase "intended to distribute" means the defendant intended to deliver or transfer a controlled substance sometime in the future. The term distribute includes the actual, constructive, or attempted transfer of a controlled substance. To distribute a controlled substance, there need not be an exchange of money.

(2) In determining whether the defendant had the intent to distribute, you may consider all the facts and circumstances shown by the evidence, including the defendant's words and actions. Intent to distribute can be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may also consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence or absence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 14.01.

13. <u>On or About</u>

    **A.**    **<u>Charge</u>:**

    (1) Next, I want to say a word about the date mentioned in the superseding indictment.

    (2) The superseding indictment charges that the crimes happened "on or about May 14, 2020. The government does not have to prove that the crimes happened on that exact day. But, the government must prove that the crimes happened reasonably close to that date.

    **B.**    **<u>Authority</u>:**

    Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.04.

14. <u>Inferring Required Mental State</u>

**A.     Charge:**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

**B.     Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.08.

15. <u>Actual and Constructive Possession</u>

**A.    <u>Charge</u>:**

(1) Next, I want to explain something about possession. The government does not necessarily have to prove that the defendant physically possessed the controlled substances for you to find him guilty of these crimes. The law recognizes two kinds of possession—actual possession and constructive possession. Either one of these, if proved by the government, is enough to convict.

(2) To establish actual possession, the government must prove that the defendant had direct, physical control over the controlled substances, and knew that he had control of them.

(3) To establish constructive possession, the government must prove that the defendant had the right to exercise physical control over the controlled substances, and knew that he had this right, and that he intended to exercise physical control over the controlled substances at some time, either directly or through other persons.

(4) For example, if you left something with a friend intending to come back later and pick it up or intending to send someone else to pick it up for you, you would have constructive possession of it while it was in the actual possession of your friend.

(5) But understand that just being present where something is located does not equal possession. The government must prove that the defendant had actual or constructive possession of the controlled substances, and knew that he did, for you to find him guilty of these crimes. This, of course, is all for you to decide.

**B.    <u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.10.

16. Use of the Word "And" in the Indictment

**A.**     **Charge:**

Although the superseding indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 2.12.

17. <u>Controlled Substances</u>

**A.      Charge:**

You are instructed that, under federal law fentanyl is a Schedule II controlled substance. It is your job to determine whether or not the government has proven beyond a reasonable doubt that the materials in question are in fact fentanyl, as alleged. In so doing, you may consider all evidence in the case which may aid the determination of this issue, including the testimony of any expert or other witness who may testify either to support or to dispute the allegations that the material in question is fentanyl.

**B.      Authority:**

21 U.S.C. § 812(c) (Schedule I and Schedule II).

18. Special Evidentiary Matters – Introduction

**A.**     **Charge:**

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position]. Next I will explain some rules that you must use in considering some of the testimony and evidence.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 7.01.

19. <u>Defendant's Election Not to Testify or Present Evidence</u>

**A.**   **<u>Charge</u>:**

(1) A defendant has an absolute right not to testify or present evidence. The fact that he did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt. It is not up to the defendant to prove that they are innocent.

[Or, in the event the defendant testifies:

<u>Defendant's Testimony</u>

(1) You have heard the defendant testify. Earlier, I talked to you about the "credibility" or the "believability" of the witnesses. And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.]

**B.**   **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Sections 7.02A and 7.02B.

20. <u>Opinion Testimony</u>

**A.** **<u>Charge</u>:**

(1) You have heard the testimony of _____, who testified as an opinion witness.

(2) You do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 7.03.

21. Witnesses Testifying to Both Facts and Opinions

**A.** **Charge:**

(1) You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

(2) As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

(3) As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness' qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

(4) Remember that you alone decide how much of a witness' testimony to believe, and how much weight it deserves.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Instructions, 2022 Edition, Section 7.03A.

22. <u>Impeachment of a Witness Other than Defendant by Prior Conviction</u>

**A.** **<u>Charge</u>:**

(1) You have heard the testimony of _____. You have also heard that before this trial he was convicted of a crime.

(2) This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was. Do not use it for any other purpose. It is not evidence of anything else.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Instructions, 2022 Edition, Section 7.05B.

23. <u>Other Acts of Defendant</u>

**A.** **<u>Charge</u>:**

(1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for _____, not for the other acts. Do not return a guilty verdict unless the government proves the crime charged in the indictment beyond a reasonable doubt.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Instructions, 2022 Edition, Section 7.13.

24. <u>Statement by Defendant</u>

**A.**      **<u>Charge</u>:**

(1) You have heard evidence that the defendant, GREGORY RALSTON, made a statement in which the government claims he admitted certain facts. It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves. In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2) You may not convict the defendant solely upon his own uncorroborated statement or admission.

**B.**      **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Instructions, 2022 Edition, Section 7.20.

25. <u>Deliberation and Verdict – Introduction</u>

**A.**     **Charge**:

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

(5) One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

**B.**     **Authority**:

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.01

26. <u>Experiments, Research, Investigation and Outside Communications</u>

**A.** **<u>Charge</u>:**

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2) During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media or application [unless specifically instructed to do so by this court], such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3) You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers -- and the news and social media apps on those devices -- may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors

during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.02.

27. <u>Unanimous Verdict</u>

**A.**     **<u>Charge</u>:**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

(2) To find a defendant guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves their guilt beyond a reasonable doubt.

(3) To find him not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous as to each count.

**B.**     **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.03.

28. Duty to Deliberate

**A.** **Charge:**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.04.

29. <u>Punishment</u>

**A.** **<u>Charge</u>:**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

**B.** **<u>Authority</u>:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.05.

30. <u>Verdict Forms</u>

    **A.**    **<u>Charge</u>:**

    (1) I have prepared verdict forms that you should use to record your verdicts. The forms read as follows: _____.

    (2) If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the forms. Each of you should then sign the forms, put the date on it, and return it to me.

    **B.**    **<u>Authority</u>:**

    Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.06.

31. <u>Verdicts Limited to Charges against the Defendant</u>

**A.      Charge:**

(1) Remember that the defendant is only on trial for the particular crimes charged in the superseding indictment. Your job is limited to deciding whether the government has proved the crimes charged.

(2) Also remember that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

**B.      Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.08.

32. Court Has No Opinion

**A.        Charge:**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

**B.        Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.09.

33. Juror Notes

**A.** **Charge:**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

**B.** **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2022 Edition, Section 8.

<u>DISPUTED INSTRUCTIONS:</u>

The United States respectfully requests that the Court instruct the Jury as follows, related to Count one of the Indictment and the enhancement for the resulting serous bodily injury. One specific point: The United States requests that the Court instruct the jury that "The government's proof of but-for causation does not require evidence from blood toxicology tests." This is consistent with Sixth Circuit case law. See United States v. Sadler, 24 F.4th 515, 546 (6th Cir. 2022), cert. denied, 2022 WL 4653329. Further, the Sixth Circuit recently updated its patter jury instructions, and added a commentary note outlining the Sadler ruling. This was more fully briefed in the United States' trial brief. (Doc. 66).

Upon review of the United States' proposed instruction on this offense, counsel for the Defendant requested the following language:

34. <u>Definition of Crime Charged in Count 1: Distribution of Controlled Substances</u>

**A.**     **<u>Charge</u>:**

(1) Count 1 of the Superseding Indictment charges the defendant, GREGORY RALSTON, with distribution of fentanyl, and also contains an allegation that the distribution caused serious bodily injury to another person. Specifically, the indictment charges:

> On or about May 1, 2020, in the Northern District of Ohio, Eastern Division, Defendant GREGORY RALSTON did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

> On or about May 13, 2020, in the Northern District of Ohio, R.V., a person whose identity is known to the Grand Jury, did ingest and overdose on a controlled substance, namely fentanyl, which Defendant had distributed to R.V.

As a result of Defendant's distribution of fentanyl, as alleged in
Count 1, serious bodily injury did result from the use of fentanyl, a
Schedule II controlled substance.

You are instructed that Fentanyl is a controlled substance.

Because of the additional allegation in Count 1 about serious bodily injury, the verdict form for Count 1 contains two questions. First, you must decide whether the Defendant is guilty of the crime of Distribution of Fentanyl. Then second, if you find the Defendant guilty of Distribution of Fentanyl, you must also answer the question of whether the Defendant's distribution of fentanyl resulted in serious bodily injury to Ramon "Danny" Villegas. As such, I will first explain the elements of the crime of Distribution of Fentanyl, which is the first question you must answer on Count 1's verdict form. Then, I will explain the additional element of the crime of Distribution of Fentanyl resulting in serious bodily injury, which is the second question on Count 1's verdict form.

(2) As I just said, the first question you must answer on Count 1's verdict form is whether the Defendant is guilty of the crime of Distribution of Fentanyl. In order for you to find the Defendant guilty of that crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

A. First, that the Defendant knowingly or intentionally distributed fentanyl; and

B. Second, that the Defendant knew at the time of distribution that the substance was a controlled substance.

(2) Now I will give you more detailed instructions on some of these terms.

A. The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the sale of a controlled substance.

B. To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl.  It is enough that the defendant knew that it was some kind of controlled substance.  Further, the defendant did not have to know how much fentanyl he distributed.  It is enough that the defendant knew that he distributed some quantity of a controlled substance.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict as to the charge of Distribution of Fentanyl in Count 1, and then go on to answer the second question of whether that distribution resulted in serious bodily injury.  But if you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge, and skip the second question on Count 1's verdict form.

(4) As I just indicated, if you find the Defendant guilty of Distribution of Fentanyl, as charged in Count 1, you must also decide the question of whether that distribution resulted in serious bodily injury to Ramon "Danny" Villegas.  Remember that you should answer this second question if, and only if, you find the Defendant guilty of distribution of fentanyl in Count 1.

(5) In order to find that the Defendant's distribution of fentanyl resulted in serious bodily injury, you  must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)  First, the Defendant knowingly or intentionally distributed fentanyl;

(B)  Second, the Defendant knew at the time of distribution that the substance was a controlled substance; and

(C) Third, that Ramon "Danny" Villegas would not have sustained serious bodily injury but for the use of that same fentanyl distributed by the defendant;

(D) Fourth, the defendant was part of the of the distribution chain that placed the fentanyl into the hands of R.V.

(6) Now I will give you more detailed instructions on some of these terms.

(A) The term "distribute" means the defendant delivered or transferred a controlled substance.

(B) To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

(C) But-for causation means that without using the controlled substance distributed by the defendant, Ramon "Danny" Villegas would not have sustained serious bodily injury. The government need not prove that serious bodily injury was foreseeable to the defendant.

(D) The term "serious bodily injury" means bodily injury which involves a substantial risk of death.

(E) The government's proof of but-for causation does not require evidence from blood toxicology tests.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**B.     Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 14.02B.

*United States v. Sadler*, 24 F.4th 515, 546 (6th Cir. 2022), cert. denied, 2022 WL 4653329

Upon review of the United States' proposed instruction on this offense, counsel for the Defendant requested the following language:

Definition of Crime Charged in Count 1: Distribution of Controlled Substances

**A.      Charge:**

(1) Count 1 of the Superseding Indictment charges the defendant, GREGORY RALSTON, with distribution of fentanyl, and also contains an allegation that the distribution caused serious bodily injury to another person. Specifically, the indictment charges:

> On or about May 1, 2020, in the Northern District of Ohio, Eastern Division, Defendant GREGORY RALSTON did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

> On or about May 13, 2020, in the Northern District of Ohio, R.V., a person whose identity is known to the Grand Jury, did ingest and overdose on a controlled substance, namely fentanyl, which Defendant had distributed to R.V.

> As a result of Defendant's distribution of fentanyl, as alleged in Count 1, serious bodily injury did result from the use of fentanyl, a Schedule II controlled substance.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt, as to each count:

A. The Defendant knowingly or intentionally distributed fentanyl; and

B. That the Defendant knew at the time of distribution that the substance was a controlled substance.

(2)  Now I will give you more detailed instructions on some of these terms.

A. The term "distribute" means the defendant delivered or transferred a controlled substance.  The term distribute includes the sale of a controlled substance.

B.  In determining whether the defendant knowingly and intentionally distributed a controlled substance, you may consider all the facts and circumstances shown by the evidence, including the defendant's own words and actions. Intent to distribute may be inferred from the possession of a large quantity of drugs, too large for personal use alone. You may consider the estimated street value of the drugs, the purity of the drugs, the manner in which the drugs were packaged, the presence or absence of a large amount of cash, the presence or absence of weapons, and the presence of equipment used for the sale of drugs. The law does not require you to draw such an inference, but you may draw it.

(3)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict as to the charge of Distribution of Fentanyl in Count 1, and then go on to answer the second question of whether that distribution resulted in serious bodily injury.  But if you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge, and skip the second question on Count 1's verdict form.

(4) For you to find for the government on the second question, the government must prove the additional element that the defendant's conduct resulted in serious bodily injury to Ramon "Danny" Villegas. In order to establish that the drugs resulted in serious bodily injury to Ramone "Danny" Villegas, the government must prove that Ramon "Danny" Villegas

suffered serious bodily injury as a consequence of his use of the drugs that the defendant distributed on or about the dates alleged in the superseding indictment. This means that the government must prove beyond a reasonable doubt that but for the use of drugs that the defendant distributed, Ramone " Danny" Villegas would not have suffered serious bodily injury. But-for causation exists where use of the controlled substance combines with other factors to produce serious bodily injury and would not have occurred "without the incremental effect" of the controlled substance.  The government is not required to prove that the defendant intended to cause the defendant serious bodily harm or that serious bodily harm was foreseeable by the defendant or by others.

(5) Now I will give you more detailed instructions on some of these terms.

(A) The term "distribute" means the defendant delivered or transferred a controlled substance.

(B) To prove that the defendant "knowingly" distributed the fentanyl, the defendant did not have to know that the substance was fentanyl. It is enough that the defendant knew that it was some kind of controlled substance. Further, the defendant did not have to know how much fentanyl he distributed. It is enough that the defendant knew that he distributed some quantity of a controlled substance.

(C) But-for causation means that without using the controlled substance distributed by the defendant, Ramon "Danny" Villegas would not have sustained serious bodily injury. The government need not prove that serious bodily injury was foreseeable to the defendant.

(D) The term "serious bodily injury" means bodily injury which involves a substantial risk of death.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

**B.**     **Authority:**

Sixth Circuit Pattern Criminal Jury Instructions, 2023 Edition, Section 14.02B.

*United States v. Sadler*, 24 F.4th 515, 546 (6th Cir. 2022), cert. denied, 2022 WL 4653329.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY RALSTON, | ) | |
| | ) | COUNT 1 / VERDICT FORM |
| Defendant. | ) | |

We, the jury, unanimously find the following:

Question 1. With respect to the charge in Count 1 of the indictment for knowingly and

intentionally distributing a mixture and substance containing a detectable amount of fentanyl, a

Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1)

and (b)(1)(C), we find the defendant, GREGORY RALSON:

Guilty _____ Not Guilty _____

If you answered not guilty in response to Question 1, skip Question 1(a) and proceed to

Count 2.

Question 1(a). With respect to Count 1, do you unanimously find that the government proved beyond a reasonable doubt that an overdose resulted from the use of the fentanyl?

Proceed to Signature Line.

_____

FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| GREGORY RALSTON, | ) | |
| | ) | COUNT 2 / VERDICT FORM |
| Defendant. | ) | |

We, the jury, unanimously find the following:

With respect to the charge in Count 2 of the indictment for knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), we find the defendant, GREGORY RALSTON:

Guilty _____        Not Guilty _____

Proceed to signature line.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

3