THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  1:20CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| GREGORY RALSTON, | ) | |
| | ) | |
| Defendant. | ) | |

During sentencing in this matter, the Court varied up to an aggregate sentence of 180 months incarceration.  In so doing, the Court relied upon acquitted conduct and indicated that a written order would supplement the Court's oral pronouncement.  This order serves as that supplement.

A "jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." *United States v. Watts,* 519 U.S. 148, 157 (1997).  Accordingly, for this Court to rely on such conduct, it was required to find that the evidence supporting a finding by the preponderance of the evidence the following elements:

(A) First, the defendant knowingly and intentionally distributed fentanyl;

(B) Second, the defendant knew at the time of distribution that the substance was a controlled substance;

(C) Third, that R.V. would not have sustained serious bodily injury but for the use of that same fentanyl distributed by the defendant;

(D) Fourth, the defendant was part of the of the distribution chain that placed the fentanyl into the hands of R.V.

With respect to causation, the Sixth Circuit has noted the blood toxicology tests are *not required* for the Government to meet its burden. *United States v. Sadler*, 24 F.4th 515, 546 (6th Cir. 2022).

Based upon the jury's verdict, there can be no doubt that Ralston knowingly and intentionally distributed fentanyl and knew that fentanyl was a controlled substance. As such, the Court need only determine whether a preponderance of the evidence supports a conclusion that R.V. would not have sustained serious bodily injury but for the use of the fentanyl.

Standing alone, R.V.'s testimony is sufficient to establish that but for the use of the fentanyl he purchased from Ralston, he would not have sustained serious bodily injury. R.V. detailed his history with Ralston, including that he had purchased what he believed to be heroin from Ralston on five occasions prior to his overdose. R.V.'s testimony refuted any allegation that he conceivably had drugs from a prior purchase that caused his overdose. Moreover, the Court was not required to rely solely on R.V.'s testimony. Extensive text messages established that Ralston had sold drugs to R.V. While Ralston's interview with law enforcement suggests he was selling heroin, he was arrested with fentanyl on his person while claiming he was attempting to sell R.V. heroin. As such, the evidence amply demonstrates that Ralston sold R.V. fentanyl.

The record is also replete with evidence of the serious bodily injury that R.V. suffered. Medical personnel described R.V. as minutes from death and detailed the unusually large amount of Narcan that was required to revive him. As such, this component cannot be disputed.

While the above demonstrates the necessary elements well beyond by a preponderance of the evidence, the Court notes that Ralston effectively admitted to these elements as well when interviewed by law enforcement. During an interview, law enforcement stated, "But you sell that shit that's causing people to overdose man. That's what gets you in this predicament."

Ralston responded, "I know, I know, I'm accepting responsibility." Ralston then callously suggested that R.V. had overdosed on the drugs he sold him because he had a low tolerance for the drugs.

Based upon the above, the Court finds by a preponderance of the evidence that Ralston committee the conduct necessary to justify the seriously bodily injury enhancement, despite the jury's conclusion to the contrary. The Court, therefore, appropriately took that fact into consideration when formulating Ralston's sentence.

While the Court will not reiterate all the reasons for its ultimate sentence, it bears repeating that this was not the first occasion on which Ralston's drug sales had catastrophic results. The presentence report in this matter includes a description of Ralston's 2017 conviction for drug trafficking that includes the following:

> According to court records, on April 12, 2017, the body of Naomi Caulfield was found along the tree line of a road within Elyria city limits. It appeared that her body had been dumped, and whoever left the body did not seek emergency medical care. The Lorain County Coroner pronounced her dead based on a suspected drug overdose. The investigation revealed that Caulfield had been at a residence on Raleigh Drive on April 11, 2017. Law enforcement interviewed Anthony Barker, who lived at the residence on Raleigh Drive, along with the defendant. Both admitted they, along with Cristopher Williams, had been at the Raleigh Drive residence on April 11, 2017. The defendant provided Caulfield with drugs, after which she began to show signs of an overdose. She began to nod off and then became unconscious. Williams panicked and fled the residence, while the defendant and Barker loaded Caulfield's body into the back seat of a vehicle and drove to an isolated area. They placed Caulfield's body in the wood line. Caulfield was still unconscious, but the defendant and Barker claimed she still had a pulse and was breathing when they left her. No one got medical assistance for Caulfield. When the defendant and Barker left Caulfield's body, they tossed her shoes and sweatshirt out of the vehicle to prevent anyone from discovering that they were involved in Caulfield's death.

Doc. 88 at 11.

R.V.'s near-fatal overdose occurred only 14 months after Ralston was released from custody from the above conviction that left his drug purchaser dead. It is difficult to fathom a

3

drug trafficker more worthy of the 180-month sentence imposed by the Court than Ralston. He is undoubtedly a danger to the community – continuing to sell poison with no regard for the health and even lives of those purchasing from him.

Having fully considered the § 3553(a) factors including those described herein and those detailed orally by the Court, 180 months was sufficient but not greater than necessary to fulfill the goals of sentencing.

IT IS SO ORDERED.


Date: August 17, 2023 /s/ *Judge John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT