UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20-cr-00330 |
| Plaintiff, | ) ) ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| GREGORY RALSTON, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) | (Resolving Docs. 143, 144) |

This matter is before the Court on the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 143) (the "Motion") filed by Gregory Ralston ("Ralston"). The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 144).

For the reasons stated below, the Motion is DENIED.

I.  BACKGROUND

A federal grand jury charged Ralston with possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Doc. 9. Pursuant to the *Second Superseding Indictment* (Doc. 55), Ralston was additionally charged with distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and an enhanced statutory penalty for causing serious bodily injury to another, pursuant to 21 U.S.C. § (b)(1)(C). Doc. 55. A jury found Ralston guilty of both distribution counts and he was acquitted of causing serious bodily injury. Doc. 80.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 88. The PSI indicated Ralston had a total offense level of 14 and a criminal history category of IV, therefore the advisory

1

guideline range was 27–33 months. Doc. 88 at p. 17, ¶ 79. The Court ultimately varied up and sentenced Ralston to a term of 180 months' imprisonment based on the acquitted conduct and his criminal history. Docs. 93, 99.

After Ralston's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence to 174 months.

## II. LAW AND ANALYSIS

### A. Legal Standard

A defendant that has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach when deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law,

2

provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Ralston asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment changes his criminal history points and, as a result, the advisory range is lowered to 21–27 months as opposed to the 27–33 months that applied at the time of sentencing. Doc. 143 at p. 3. Part A of Amendment 821 created a new U.S.S.G. § 4A1.1(e) that provides:

> [a]dd 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

At the time of sentencing, Ralston's total criminal history points were seven (7). Five (5) of those points were the result of previous criminal convictions pursuant to U.S.S.G. §§ 4A1.1(a), (c). Doc. 88 at pp. 9–10, ¶¶ 37–42. Two (2) additional points were added in accordance with the then-current § 4A1.1(d)[1] because the underlying offenses were committed while Ralston was on parole for various state charges, including reckless homicide and trafficking in heroin. Doc. 88 at

---

[1] U.S.S.G. § 4A1.1(d) previously provided for "[two] points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." Amendment 821 removed this language and substituted it with the new subsection (e).

3

p. 11, ¶ 44. Ralston now argues that the new § 4A1.1(e) would apply to adjust his guidelines range because he would not receive any additional criminal history points due to the offense taking place while he was on parole, therefore his total criminal history points would be five (5) under the new calculation. Doc. 146 at p.1. The Court finds that Amendment 821 affects Ralston's criminal history computation and he is thus eligible for consideration of a sentence reduction.

However, upon consideration of the applicable § 3553(a) factors, the Court has determined that a reduction is not warranted in light of the circumstances of Ralston's case. *See Jones*, 980 F.3d at 1107. This is due to Ralston's criminal history and characteristics, and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1), (2). First, Ralston has a lengthy criminal history which shows he has yet to be deterred from illegal activity. His first conviction occurred when he was 18 years old and he acquired 10 more convictions before the underlying offenses. Doc. 88 at pp. 8–11, ¶¶ 32–42. Most troubling is the most recent offense prior to the ones before this Court, where Ralston provided a woman with drugs that led to an overdose and her eventual death after Ralston left her body in the woods while she was unconscious. Doc. 88 at p. 11, ¶ 42. These circumstances were strikingly similar to the underlying facts in this case, where Ralston's drug purchaser suffered from a near-death overdose, yet was revived by Narcan. Doc. 99 at pp. 2–3. Ralston's criminal history paired with the underlying conduct in this case show a pattern of behavior indicating Ralston lacks respect for the law and others by continuing to distribute poisonous substances without regard for the lives of others. At the time of sentencing, the Court considered Ralston's offenses, criminal history, and characteristics, and determined that an upward variance to a 180-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2).

4

The Court recognizes and commends Ralston for his commitment to rehabilitation and personal improvements he has made through education and treatment while incarcerated. Doc. 143 at pp. 3–4. However, given the facts and after consideration of the § 3553(a) factors, the Court finds a reduction to Ralston's sentence is not warranted. The Court's imposition of the sentence was sufficient but not greater than necessary, and if sentenced today with a two-point reduction pursuant to Amendment 821, this Court would impose the same sentence.

### III. CONCLUSION

For the reasons stated above, the *Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)* (Doc. 143) is DENIED.

Date:  November 21, 2024                              */s/ John R. Adams*
                                                     JOHN R. ADAMS
                                                     UNITED STATES DISTRICT JUDGE